CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUL 16 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ADAM NICHOLAS CASEY, | ) |
| Plaintiff, | ) Civil Action No. 5:14cv00033 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL FRANCIS URBANSKI, | ) Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Adam Nicholas Casey commenced this action by filing a pro se complaint on July 15, 2014. He names as defendant the Honorable Michael F. Urbanski, the United States District Judge who presided over his supervised release revocation proceedings. Casey has not paid the filing fee but will be granted leave to proceed in forma pauperis for the purpose of initial review of his complaint. For the following reasons, the court concludes that the action must be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Background

On March 9, 2006, Casey pled guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and to transporting explosives, in violation of 18 U.S.C. § 842(a)(3)(A). He was sentenced to a term of imprisonment of 48 months, followed by a five-year term of supervised release. Among other provisions, the conditions of supervised release required that Casey not commit any federal, state, or local crimes.

Casey began his term of supervised release on July 31, 2009. On February 7, 2013, Casey's probation officer filed a petition seeking to revoke his supervised release, after Casey was arrested twice for driving while intoxicated in Warren County, Virginia.

On March 20, 2013, Casey appeared before Judge Urbanski for a revocation hearing. During the hearing, Casey admitted violating the conditions of his supervised release. Judge Urbanski sentenced him to a term of imprisonment of six months and an additional two-year term of supervised release. Casey did not appeal the revocation judgment, which was entered on March 25, 2013.

Casey filed the instant action on July 15, 2014. Although much of what Casey alleges is difficult to decipher, he appears to challenge the validity of the revocation judgment on the basis that Judge Urbanski improperly exercised maritime jurisdiction over him. See Compl. ¶ 48 ("To mutate one from a U.S. of America Citizen to a Admiralty Civilian is unlawful to subject one to a jurisdiction that does not apply and otherwise violates the 13th Amendment."); Id. at ¶ 54 ("[N]o contract/compact/agreement exists that is valid via and in accordance with the Statute of Frauds to extend a case, past or present, under the jurisdiction of civil or criminal maritime matters via any scope provided by . . . the Constitution."). Casey further alleges that Judge Urbanski lacked "territorial jurisdiction" over him, since "the Town of Front Royal or Warren County, Virginia . . . is not ceded and/or owned by the United States of America Government, or any variation thereof." Id. at ¶ 51.

Casey contends that "all United States Agents, as well as any state agents, should 'Cease and Desist' all action(s)" against him in light of the alleged jurisdictional defects. Id. at ¶ 54. Additionally, citing various provisions of the Uniform Commercial Code (UCC), Casey claims that a "security agreement" exists between the parties, and that "the amount of $300,000.00 per instance, per day, per injury will attach to the Principal's and/or Agent's property . . . ." Id. at pg. 10.

2

## Discussion

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court "must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After carefully reviewing the allegations in the instant action, the court concludes that the action must be dismissed as frivolous. First, to the extent Casey challenges the validity of his supervised release revocation sentence, his claims are not cognizable in this proceeding. Such claims are properly redressed, if at all, by way of a petition for writ of habeas corpus. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ([T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). Because Casey was convicted and sentenced in federal court, his exclusive habeas corpus remedy is that provided by 28 U.S.C. § 2255.* See United States v. Simpson, 27 F. App'x 221, 224 (4th Cir. 2001) (observing that a § 2255 motion is "'the exclusive remedy for testing the validity of a . . . [federal] sentence, unless it is inadequate or ineffective'") (quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)); see also United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that a defendant on federal supervised release "is considered to be 'in custody' for purposes of a § 2255 motion").

---

* Under different circumstances, the court might give the plaintiff the opportunity to have his complaint construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. However, the court declines to do so here, since it appears that such motion would be untimely under § 2255(f)(1), and since the complaint, even liberally construed, does not state a viable claim for relief under the statute.

3

Second, to the extent Casey seeks injunctive and/or monetary relief relating to the revocation sentence, his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), since the judgment has not been reversed, set aside, or otherwise called into question by the appropriate court. See Heck, 512 U.S. at 486-87 (holding that in order to recover damages for "harm whose unlawfulness would render a conviction or sentence invalid," a plaintiff must first "prove that the conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus"); Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002) (applying Heck to claims for injunctive relief); Mobley v. Tompkins, 473 F. App'x 337, 337-38 (4th Cir. 2012) (applying Heck in a civil action seeking damages and injunctive relief relating to federal convictions).

Third, Judge Urbanski is immune from suit for actions taken while serving in his capacity as a federal judge. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991). While such immunity may be overcome if judicial actions are "taken in the complete absence of all jurisdiction," Id. at 12, the allegations in the instant action clearly fail to implicate this exception. Judge Urbanski properly exercised jurisdiction over the supervised release revocation proceedings under 18 U.S.C. §§ 3231 and 3583(e), and Casey's assertions to the contrary are patently frivolous. See United States v. Dillon, 725 F.3d 362, 365 (3d Cir. 2013) (observing that "[t]he District Court had jurisdiction at [the defendant's] supervised-release revocation hearing under 18 U.S.C. §§ 3231 and 3583(e)"); see also United States v. Hodges, 42 F. App'x 250, 251 (10th Cir. 2002) ("Because under 18 U.S.C. § 3231 federal district courts are explicitly vested with jurisdiction over all offenses against the laws of the United States, the federal government is not required to show that the state ceded jurisdiction."); Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter

4

jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.").

Finally, despite his arguments to the contrary, Casey's revocation sentence is not the product of a civil commercial transaction. It is, "instead, the result of a court's legitimate exercise of its power to impose punishment for prescribed criminal conduct." Harris v. Wands, 410 F. App'x 145, 147 (10th Cir. 2011). Consequently, Casey's "use of commercial law theories based on the UCC to attack the execution of his criminal sentence simply has no foundation in our laws." Id.; see also United States v. Burris, 458 F. App'x 265, 266 (4th Cir. 2011) (emphasizing that "the UCC is inapplicable in criminal cases").

## Conclusion

For the reasons stated, the court will grant Casey leave to proceed in forma pauperis. However, this action must be dismissed without prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 15th day of July, 2014.

*/s/ Glen Conrad*
Chief United States District Judge